## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard John Garin, Jr., | Civ. No. 19-780 (JRT/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| M. Rios, | |
| Respondent. | |

Richard John Garin, Jr., OID No. 06800-041, Federal Prison Camp, PO Box 1000 Duluth, MN 55814, *pro se* Petitioner.

Ana H. Voss, Esq., Andrew Tweeten, Esq., and Ann M. Bildtsen, Esq., Assistant United States Attorneys, counsel for Respondents.

BECKY R. THORSON, United States Magistrate Judge.

## BACKGROUND

This matter comes before the Court on Petitioner Richard John Garin, Jr.'s Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. No. 1, Pet.)

Garin is currently incarcerated at the Federal Prison Camp in Duluth, Minnesota. (*See* Doc. No. 9, Decl. of Shannon Boldt ¶ 3, Ex. A.) He was convicted of (1) Conspiracy to Distribute and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846; (2) Distributing Methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and (3) Aiding and Abetting with Intent to Distribute Methamphetamine, in

violation of 21 U.S.C. § 841(a)(1). (*Id.*) He is serving an aggregated 360-month term of imprisonment, to be followed by a four-year term of supervised release. (*Id.*)

The Petition asserts that Garin merits an earlier release date because of certain statutory amendments within the First Step Act of 2018 ("FSA") – specifically, amendments to 18 U.S.C. § 3624(b)(1). (*See* Pet. 7–8); *see also* FSA § 102(b)(1)(A), § 3624(b)(1), Pub. L. No. 115–391, 132 Stat. 5194, 5210. The FSA was approved on December 21, 2018, but its relevant portion was to go into effect "beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 229 of title 18, United States Code, as added by section 101(a) of this Act." FSA § 102(b)(2), 132 Stat. at 5213. This "risk and needs assessment system" is codified into law at 18 U.S.C. §§ 3631–35, and § 3632(a) set the Attorney General's deadline for developing the system as "[n]ot later than 210 days after the enactment of this subchapter." As the relevant subchapter was enacted on December 21, 2018, the resulting deadline—and the date on which the new version of § 3624(b)(1) goes into effect—was July 19, 2019.

On July 19, 2019, the Court issued an Order (Doc. No. 13) directing Respondent to (1) update the Court concerning Garin's anticipated release date in light of the FSA amendments; (2) provide an explanation of how that calculation was made; and (3) indicate whether or not this release date remained unchanged from the date on which Garin filed his petition for a writ of habeas corpus. On July 30, 2019, Respondent informed the Court that the Bureau of Prisons ("BOP") updated Garin's sentence computation under § 3624(b)(1), as amended by the FSA, on July 15, 2019. (Doc. No. 14,

Status Report 1; Doc. No. 15, Second Decl. of Shannon Boldt ¶ 6, Ex. A.) Garin's current sentence computation indicates that he will earn 1,620 days of good-credit time ("GCT"), resulting in a new projected release date of January 31, 2020.[1] (Status Report 2; Second Decl. of Shannon Boldt ¶ 6, Ex. A, B.)

## ANALYSIS

This Court now lacks subject-matter jurisdiction over Garin's habeas petition. Article III of the U.S. Constitution "limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (quotation omitted). If, during the course of litigation, "the issues presented in a case lose their life because of the passage of time or a change in circumstances and a federal court can no longer grant effective relief, the case is considered moot," and must be dismissed. *Id.* at 723–24 (quotation and ellipsis omitted); *see also In re Grand Jury Subpoenas Duces Tecum*, 78 F.3d 1307, 1310 (8th Cir. 1996) ("[F]ederal courts have no authority to render decisions upon moot questions . . . . [I]f during the pendency of [a case], an event occurs which destroys the court's ability to render the prevailing party any effectual relief whatever, the [case] must be dismissed as moot.") (quotation and citation omitted).

Here, Garin's Petition requested that the Court order the BOP to recalculate his GCT credits under the FSA's amendment of § 3624(b)(1). The BOP has now done so.

---

[1]  This represents an increase in Garin's projected GCT, and an earlier projected release date. At the time Garin filed the Petition, his projected release date was March 31, 2020. (Second Decl. of Shannon Boldt ¶¶ 5–6, Exs. A, B.)

(*See* Status Report 2; Second Decl. of Shannon Boldt ¶ 6, Ex. A, B.) Thus, this case has become moot because the Court can no longer grant effective relief, Garin having already received the relief he sought in the Petition. *See Ali*, 419 F.2d at 724.

## RECOMMENDATION

Based on the above, and on all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED AS MOOT**;

2. This action be **DISMISSED WITHOUT PREJUDICE**; and

3. Judgment be entered accordingly.

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

Dated: August 19, 2019               *s/ Becky R. Thorson*
                                     BECKY R. THORSON
                                     United States Magistrate Judge